IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                          Crim. No. 04-2303 WJ

v.

JAMES R. BUNN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant, who is proceeding *pro se*, appeals a judgment of conviction of a petty offense entered on November 3, 2004 (Doc. 2, Judgment). Following a trial before United States Magistrate Judge Don J. Svet, Defendant was found guilty of Possession of a Weapon on Veterans' Affairs Property in violation of 18 C.F.R. §1.218(b)(37) and fined $50.00. The Judgment indicates that the conviction was based on Defendant's possession of a .25 caliber Sterling, and that a charge regarding possession of a 9 mm Ruger was dismissed.

**I.**    **Arguments on Appeal**

Defendant contends that the Court committed "several errors of law" requiring reversal of his conviction. The appeal is based on the Court's alleged errors (1) in denying Defendant's motion to dismiss based upon the Speedy Trial Act; and (2) in denying Defendant's motion to dismiss based upon the improper charging of Defendant under the Code of Federal Regulations (C.F.R.).

    A.    <u>Violation of Speedy Trial Act</u>

Defendant contends that his rights under the Speedy Trial Act, 18 U.S.C.§ 3161-3174, were violated because his trial was set two weeks over what is required under the Act, by his

calculations.[1]  However, the Speedy Trial Act was not violated in this case because the Act does not apply to petty offenses.  18 U.S.C. § 3172(2) (defining "offense"); U.S. v. Baker, 641 F.2d 1311, 1318 & n.10 (9th Cir. 1981) (describing petty offenses as offenses which involve a penalty not exceeding 6 months imprisonment or a fine over $500 or both); U.S. v. Salgado-Hernandez, 790 F.2d 1265, 1268 (5th Cir. 1986) (Speedy Trial Act applies to felonies and to misdemeanors other than petty offenses); U.S. v. Boyd, 214 F.3d 1052, 1055 & 1057 (9th Cir. 2000) (violation notice [which involves petty offenses] does not trigger the Speedy Trial Act, since the "mere opinion of an enforcement officer is not sufficient to bring the Speedy Trial Act's arrest-indictment interval into play"); U.S. v. Francis, Slip Copy, 2005 WL 1279219 (N.D.Fla.,2005) (same).

Further, even if the Speedy Trial Act did apply to Defendant's conviction, several delays were requested by Defendant.  He sought a continuance of the hearing set for June because of a previously scheduled medical appointment, and another continuance of the September hearing in order to obtain counsel.  Defendant does not allege, nor is there any indication, that he was prejudiced by these delays.  Defendant's motion to reverse his conviction is denied on this basis.

B.     Allegation of Improper Charging

Defendant contends that the charge should have been dismissed because he was improperly charged.  Defendant concedes that the arresting officer charged him with a violation of 18 C.F.R. § 1.218(b)(37), which states: "Possession of firearms, carried either openly or concealed, whether loaded or unloaded . . . $500."   Defendant argues that this is "nothing more than" a penalty provision, and that it differs from the substantive offense of the C.F.R. of which he was found guilty.

---

[1] The Act requires that a defendant be tried within seventy days from the filing date of the indictment or from the date on which defendant appears before a judicial officer, whichever date is later.  See 18 U.S.C.§ 3161(c)(1).

This contention has no merit.  An arresting officer's citation to a penalty provision, rather than the provision specifying the substantive offense itself, does not invalidate a conviction for the offense.  U.S. v. Fentress, 241 F.Supp. 2d 526 (D.Md 2003) (regarding conviction for disorderly conduct at Veterans' Administration facility).  Further, 18 C.F.R. § 1.218 (b) is a "schedule of *offenses* and penalties" (emphasis added).  Although § 1.218(b)(37) is a penalty provision, it also states the underlying substantive offense, which is "possession of firearms."  Thus, Defendant's motion will be denied on this basis as well.

**II.    Return of Firearms**

In addition to appealing his conviction,  Defendant requests that the Court order the return of the two firearms which he alleges were confiscated.   Because Plaintiff has filed a separate motion seeking this relief (Motion to Impound and Preserve Seized Property, Doc. 7, filed January 31, 2005), the Court will address this issue at a later time.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Appeal of Judgment of Conviction of Petty Offense (**Doc. 1**) is hereby DENIED;

**IT IS FURTHER ORDERED** that a ruling on Defendant's request for return of property is deferred until such time as the Court addresses Defendant's "Motion to Impound and Preserve Seized Property" (Doc. 7).

_____
UNITED STATES DISTRICT JUDGE