IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                                               Crim. No. 04-2303 WJ

v.

JAMES R. BUNN,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO IMPOUND AND RESERVE SIEZED PROPERTY

Following a trial before a United States Magistrate, Defendant, who is proceeding *pro se*, was convicted of a petty offense (Possession of a Weapon on Veterans' Affairs Property, 18 C.F.R. §1.218(b). Defendant was found guilty of possessing a firearm on the property of the VA Medical Center in Albuquerque in violation of 38 C.F.R. § 1.218(b)(37), and fined $50.00. Defendant's Motion to Impound and Preserve Seized Property **(Doc. 7)**, filed January 31, 2005, seeks the return of a .25 caliber Sterling semiautomatic handgun, serial number S12362, and a 9mm Ruger -- both of which were loaded at the time of the offense. A subsequent NCIC check of the 9 mm Ruger revealed that it had been reported as stolen in Flint, Michigan. See, Govt's Ex. 1.

    The Court recently denied Defendant's appeal of this conviction, and deferred ruling on Defendant's Motion to Impound and Preserve Seized Property (Doc. 7) until the Government responded to the motion and the Defendant was allowed to file a reply. See Doc. 17. The Government has timely filed a response, but no reply was has been filed.

*The Sterling handgun*

The Government does not take issue with the eventual return of the .25 Sterling handgun, but contends that it should not be returned to Defendant pending the appeal of his conviction because it would constitute necessary evidence should the Court vacate the Magistrate Judge's decision and order a new trial. The Government relies on Fed.R.Crim P. 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Court finds the Government's position on the return of the Sterling handgun to be tenable as well as legally correct. Since the Court has denied Defendant's appeal of his conviction, the Government is ordered to return to Defendant the .25 caliber Sterling semiautomatic handgun at the termination of this case and the time period allowed for appeal of this Court's decision.

*The Ruger handgun*

As for the Ruger handgun, the Government contends that it should not be returned because now that Defendant has reasonable cause to know that the gun is stolen, he cannot legally receive or possess it. Title 18, United States Code, § 922(j) states in relevant part:

> It shall be unlawful for any person to receive, [or] possess . . . any stolen firearm . . . which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen.

Defendant does not dispute the result of the NCIC report, but insists that he legally purchased the gun at a retail outlet in his hometown in Trinidad, Colorado and that he was not aware that the gun had been stolen. Despite Defendant's assertions of legal purchase of the handgun, there is no

way around the language of the statute which would allow Defendant to legally be returned the handgun. The statute does not carve out exceptions for situations such as this, where an individual comes to learn of the illegal status of the firearm as a result of an NCIC check done following that individual's arrest on a misdemeanor charge. Therefore, Defendant's motion is denied with respect to the Ruger handgun

The Government has requested that the Bureau of Alcohol, Tobacco and Firearms ("ATF") trace the Ruger handgun to confirm that it is stolen, and states that this information will be provided to the Court. The Court's ruling, which denies the return of the Ruger handgun to Defendant, stands unless the Court is presented with evidence that the gun is not stolen. Therefore, this case will remain administratively open for a period of **sixty (60)** days in which time the Government shall supplement the record with information which supports the NCIC report that the Ruger handgun is stolen. Defendant may move to reopen the case should the Government fail to provide this evidence to the Court within the allotted time period, unless good cause is shown.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Impound and Preserve Seized Property **(Doc. 7)** is hereby GRANTED IN PART AND DENIED IN PART as follows:

(1) the motion is GRANTED in that the Government shall return the .25 caliber Sterling semiautomatic handgun to Defendant at the termination of this case, including the time period for filing a notice of appeal; and

(2) the motion is DENIED with respect to the 9 mm Ruger handgun. However, this case will remain administratively open for a period of **sixty (60)** days in which time the Government

shall supplement the record with information which supports the NCIC report that the Ruger handgun is stolen.   Defendant may move to reopen the case should the Government fail to provide this evidence to the Court within the allotted time period, unless good cause is shown.

 

_____
UNITED STATES DISTRICT JUDGE