**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,                                                    Crim. No. 04-2303 WJ

v.

JAMES R. BUNN,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADMINISTRATIVELY CLOSING CASE**

    THIS MATTER comes before the Court sua sponte and upon the Government's Motion to Supplement Record Regarding the Status of a 9 mm Ruger, filed November 3, 2005 **(Doc. 19)**. Defendant appeals. Defendant, who is proceeding *pro se*, appeals a judgment of conviction of a petty offense entered on November 3, 2004  (Doc. 2, Judgment).

    Following a trial before a United States Magistrate, Defendant, who is proceeding pro se, was convicted of a petty offense (Possession of a Weapon on Veterans' Affairs Property, 18 C.F.R. §1.218(b).  Defendant was found guilty of possessing a firearm on the property of the VA Medical Center in Albuquerque in violation of 38 C.F.R. § 1.218(b)(37), and fined $50.00. He seeks the return of a .25 caliber Sterling semiautomatic handgun, serial number S12362, and a 9mm Ruger -- both of which were loaded at the time of the offense.  A subsequent NCIC check of the 9 mm Ruger revealed that it had been reported as stolen in Flint, Michigan.

    On November 16, 2005, the Court granted Defendant's motion in part and denied it in part.  Doc. 18.  The Court granted the motion regarding the return of Defendant's .25 caliber Sterling, ordering the return of the handgun to Defendant at the termination of this case, including

the time period for filing a notice of appeal.  However, the Court denied Defendant's motion with respect to the 9 mm Ruger handgun, on the basis that Defendant now has reasonable cause to know that the gun is stolen because of the Government's NCIC check on the gun which was done following his arrest.   The Government based its argument on the language in 18 U.S.C. § 922(j).[1]  The Court found that Defendant was prohibited from legally receiving or possessing the gun, notwithstanding his allegation that he legally purchased the gun and was not aware that the gun was stolen at the time of purchase.

It was further ordered that the case was to remain open administratively for a period of sixty days in which time the Government was required to supplement the record with information which supports the NCIC report that the Ruger handgun is stolen.  Defendant was allowed to reopen the case if the Government failed to provide this evidence to the Court within the allotted time period, unless good cause was shown.

The Government has timely filed a supplement to the record including evidence that the handgun was in fact reported stolen at the time Defendant possessed it.  Exhibit 1 to the supplement is a trace summary which discloses that an individual other than Defendant purchased the handgun in January 1999.  Exhibit 2 is an NCIC report which indicates that the gun still is reported stolen and Exhibit 3 is a copy of the Flint Police Department Report which indicates the same.

Based on the evidence presented by the Government, the Court is satisfied that the Ruger

---

[1] The statute provides in part that:  "It shall be unlawful for any person to receive, [or] possess . . . any stolen firearm . . . which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen."

handgun which Plaintiff seeks to have returned falls within the ambit of 18 U.S.C. § 922(j) and that Defendant has no legal basis to seek the return of this item.   Thus, the Government's Motion to Supplement Record Regarding the Status of a 9 mm Ruger **(Doc. 19)** is hereby granted in that the Court has considered the supplementary materials and hereby finds such materials to support the Government's position on Defendant's request for return of the Ruger handgun.

**THEREFORE,**

**IT IS ORDERED** that the Government's instant motion is granted, and the Court's denial of the return of the 9 mm Ruger handgun to Plaintiff remains unmodified.  Further, this case may be administratively closed.

UNITED STATES DISTRICT JUDGE